132 N.J. Super. 296 (1975)
333 A.2d 544
IN THE MATTER OF HACKENSACK WATER COMPANY APPLICATION TO AUTHORIZE CONDEMNATION OF CERTAIN LANDS OF ROBERT JUZEK AND ANNA JUZEK, HIS WIFE, ALSO KNOWN AS ROBERT JUSEK AND ANNA JUSEK, HIS WIFE,
HACKENSACK WATER COMPANY, PETITIONER-APPELLANT,
v.
ROBERT JUZEK AND ANNA JUZEK, HIS WIFE, RESPONDENT, AND WATER POLICY AND SUPPLY COUNCIL, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 9, 1974.
Decided February 4, 1975.
*299 Before Judges LORA, LYNCH and HANDLER.
Mr. Donald de Cordova argued the cause for appellant (Messrs. Morrison & Griggs, attorneys; Mr. William R. Morrison on the brief).
Mr. William J. Stohler, Deputy Attorney General argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, *300 Assistant Attorney General of counsel; Mr. Stuart R. Meislik, Deputy Attorney General, on the brief).
Mr. David A. Gelber, attorney for respondents Robert and Anna Juzek submitted a statement in lieu of brief.
The opinion of the court was delivered by HANDLER, J.A.D.
On July 6, 1965 the application of Hackensack Water Company (Hackensack) for the construction of Reservoir No. 3 (also referred to as Lake Tappan Reservoir), primarily in the Township of River Vale and the Borough of Old Tappan, was approved by the Water Policy and Supply Council (Council). On December 14, 1966 Hackensack filed an application with the State of New Jersey, Department of Conservation and Economic Development, Division of Water Resources, for approval of the right to exercise the power of eminent domain pursuant to N.J.S.A. 58:1-17 et seq. and N.J.S.A. 58:6-1 et seq., affecting the land of Robert and Anna Juzek in the Township of River Vale. Five separate hearings were held between February 6, 1967 and August 17, 1967, before the Council. On October 30, 1967 the Council filed its recommendations with the Commissioner. The Commissioner did not approve the Council's action and remanded it for further consideration.
On August 18, 1969 the Council affirmed its action of October 30, 1967, subject to reopening the hearings, if necessary, for the introduction of new evidence. This action was approved by the Commissioner, although no formal notification thereof was given. The Council's decision was subsequently confirmed by letter dated July 22, 1971. Thereafter, on August 13, 1971, Hackensack filed an application with the Council for further hearings for the introduction of new evidence.
On August 20, 1971 the Council requested Hackensack to submit a statement outlining the new evidence to be presented. Such an outline was forwarded to the Council by letter dated *301 October 21, 1971. On April 19, 1972 the application for a rehearing was denied.
Hackensack filed a notice of appeal on May 12, 1972. On August 2, 1972 the Appellate Division denied Juzek's motion to dismiss the appeal. On February 6, 1973, however, the matter was remanded to the Council for the preparation of findings of fact and conclusions of law based on the existing record. New findings were prepared and submitted to the parties, and Hackensack filed objections thereto. The Council's final decision was rendered on April 23, 1973.
The Council approved Hackensack's acquisition by eminent domain of a portion of the Juzek property east of a line located 120 feet west of and parallel to the center line of the Lake Tappan Dam as extended therefrom. The Council also determined that the Juzeks should grant to Hackensack an easement for flooding to the 45-foot contour line of the Juzek property as said contour existed as of April 23, 1973, the date of decision, and in conjunction therewith that the parties should enter into an agreement whereby Hackensack would not be held responsible for flood damage to the Juzek property caused by controlled releases over the dam or by severe storms.
Hackensack claims that the Council's determination is invalid as a matter of law because of the inadequacy of its findings of fact, and that its findings, such as they are, are not supported by the evidence in the record.
We are satisfied, from our review of the record, that the findings of fact incorporated in the determination of the Council are adequately expressed and that there is substantial credible evidence on the record as a whole to support the determination of the Council, which approved in part and denied in part the application of Hackensack to secure approval for the condemnation of the Juzek property. In reaching this conclusion we have been mindful of the broad discretionary powers accorded the agency below. In re Application of Hackensack Water Co., 88 N.J. Super. 362, 368-369 (App. Div. 1965). A reviewing court should avoid supplanting *302 the determination of the administrative tribunal with its own independent judgment where there are essentially only differing evaluations as to the persuasiveness of evidence. In re Application of Hackensack Water Co., 41 N.J. Super. 408, 418 (App. Div. 1956). Deference must be accorded the findings of the agency where they could reasonably have been reached on sufficient credible evidence present in the record in light of all of the proofs, with due regard not only to the opportunity of the agency to assess witness credibility but also to the agency's expertise where this is a salient feature in the controversy. Close v. Kordulak Bros., 44 N.J. 589, 599 (1965).
Against this standard of review there was adequate competent evidence in the record to sustain the determination of the Council. There was no essential dispute that the taking line fixed by the Council would afford access to the dam and reservoir. The Council properly rejected the testimony concerning an auxiliary dam and an increased taking to accommodate such a dam as "irrelevant" since such plans were not encompassed in the present project. It was also sufficiently established by the evidence that the periodic or occasional flood of Juzek's lands within the 45-foot contour which might occur under normal or full reservoir conditions would not reasonably require the acquisition of the exposed land.
With respect to the acquisition of the additional lands for pollution control, the likelihood of deleterious developments was small and an actual threat of pollution was not established. It was also shown that a properly designed sewage disposal system could protect against sanitary problems.
It is further argued that the line of acquisition established by the Council would endanger the dam and was, therefore, arbitrary, capricious and unreasonable. For that reason it is also contended that the Council should have granted Hackensack's application for a rehearing. As we understand his position, the Attorney General argues that the evidence in the record was sufficient to support the determination of *303 the Council as to the location of the taking line, although it would not have been inappropriate to have granted the rehearing or at this juncture to remand the matter for the taking of any additional, noncumulative testimony on this issue.
It appears that it is the essential position of the Council, and of the Attorney General, that the determination of the taking line as it might affect the physical soundness of the dam itself was adequately supported by the evidence before it, and, equally significant, that the decision not to reopen the matter, based as it was upon a review and consideration of the outline or proffer of evidence by Hackensack, was not an abuse of discretion. We are satisfied, on the present record, including the application for a rehearing, that the Council's decision in this respect should be upheld. In so ruling it is to be understood that Hackensack, if it considers itself aggrieved, may upon a sufficient evidential showing seek to have the Council reconsider its decision. Cf. In re Application of Hackensack Water Co., supra, 88 N.J. Super. at 376-377; Handlon v. Belleville, 4 N.J. 99, 107 (1950).
Finally, it is contended that the Council exceeded its authority "to substitute a hold-harmless agreement for the right to condemn." In actuality, the Council determined that Hackensack has the power to acquire by condemnation an easement over the Juzek property for purposes of periodic or occasional flooding and, in conjunction therewith, that the parties shall enter into an agreement to hold Hackensack harmless from any liability resulting from such flooding. This latter ruling was based upon the willingness of the Juzeks to enter into a covenant "running with the land" to protect Hackensack from liability for flood damage.
There is, in our view, implied authority on the part of the Council to sanction the condemnation of an easement, rather than a fee interest, in property which will be affected through the creation of a reservoir by a water utility such as Hackensack. Cf. Albright v. Sussex Cty. Lake & Park *304 Comm'n, 68 N.J.L. 523, 541 (Sup. Ct. 1902), rev'd on other grounds 71 N.J.L. 303 (E. & A. 1904). Occasional or periodic flooding may not constitute a permanent taking or an appropriation of land but rather a mere injury thereto. 26 Am.Jur.2d, Eminent Domain, § 165 at 838. The extent of flooding and the consequent loss of beneficial use may be a question of degree. 2 Nichols, Eminent Domain (3d ed.), § 6.23[3]. Consequently, in light of the evidence as to the unlikelihood of chronic, serious or frequent floods as a result of the creation of the reservoir, the approval of the grant of an easement therefor was not unreasonable.
It was not, however, within the implied statutory authority of the Council to dispense with the necessity to provide just compensation for the acquisition of that interest. The damage or injury to land as a result of actual or threatened flooding must be redressed through the award of just compensation. Cf. Trenton Water Power Co. v. Raff, 36 N.J.L. 335, 343 (Sup. Ct. 1873); 26 Am.Jur.2d, supra § 195 at 877. It was, therefore, improper for the Council to have conditioned the approval for the award of an easement for periodic flooding upon the execution by the property owners of a so-called hold-harmless agreement in the nature of a covenant running with the land. This is not to say that the parties would be otherwise barred from entering voluntarily into an agreement to accommodate their respective interests. But absent such an agreement  which, in this setting, cannot be directed or dictated by the administrative agency or the court  the grant of the easement to Hackensack and the just compensation which must be paid therefor should be the subject of a condemnation proceeding brought pursuant to statute.
Accordingly, the determination of the Water Policy and Supply Council is affirmed, except as modified to the extent that appellant shall be required to include in the statutory condemnation proceedings an issue as to the amount of compensation to be awarded for the acquisition of an easement over respondent's property for purposes of periodic flooding.